**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10565 |
| Plaintiff - Appellee, | D.C. No. 2:05-CR-01127-MHM-1 |
| v. | |
| PAUL RICHARD BUTTS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted December 7, 2009**
San Francisco, California

Before: TASHIMA, GRABER, and BYBEE, Circuit Judges.

Having been convicted of multiple counts of possession of child

pornography and one count of distribution of child pornography, Paul Richard

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Butts appeals the district court's denial of his motion to suppress evidence. Reviewing *de novo*, we affirm the judgment of the district court.

By its terms, the Fourth Amendment's Warrant Clause sets forth a number of items a warrant must contain to be valid, but a date on which the warrant is to be executed is not one of them. U.S. Const. amend. IV. Thus, in determining whether a search conducted after a warrant has expired complies with the Fourth Amendment, we look to ensure that probable cause to search continued to exist, and that the misdating of the warrant was inadvertent rather than intentional. *See United States v. Hitchcock*, 286 F.3d 1064, 1072 (9th Cir.), *amended by* 298 F.3d 1021 (9th Cir. 2002).

The execution of the search warrant in this case satisfied these conditions. First, there was no evidence at the suppression hearing or at trial, and Butts points to none on appeal, that the probable cause that existed on September 28 (the date the warrant was signed) did not also exist on October 6 (the date the search was conducted). Second, the record supports the district court's express finding that "the error of having the date on the search warrant post-dated by one day appears to have been done inadvertently by the magistrate judge." We therefore conclude that under those circumstances, the execution of the search warrant one day after the search warrant expired did not violate the Fourth Amendment.

2

The parties agree, however, that the search violated Rule 41 of the Federal Rules of Criminal Procedure, which requires warrants to be executed "within a specified time no longer than 10 days." Fed. R. Crim. P. 41(e)(2)(A)(i). But noncompliance with Rule 41 requires suppression only if the defendant is able to show: "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *United States v. Stefanson*, 648 F.2d 1231, 1235 (9th Cir. 1981). Agent Andrews testified, and Butts does not contest, that there would have been absolutely no difference in the nature of the search had she conducted the search one day earlier.

There is no evidence that Agent Andrews intentionally or deliberately disregarded Rule 41. Andrews requested that the warrant expire on a particular date, and the magistrate judge gave no indication that he disagreed with that date. As a result, when Andrews conducted the search on October 6, she reasonably believed that she was acting within the confines of Rule 41, thereby refuting any possibility that she intended to flout the Rule's requirements.

AFFIRMED.